UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                           Criminal No. 19-cr-149-LM
                                     Opinion No. 2020 DNH 047

Isaac Balbino Dos Santos


**O R D E R**

The defendant, Isaac Balbino Dos Santos, is charged with
one count of reentry after Deportation in violation of 8 U.S.C.
§ 1326(a).  Dos Santos moves to dismiss the indictment under 8
U.S.C. § 1326(d) and the Due Process Clause of the Fifth
Amendment to the Constitution.  The government objects.

**STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 12(b)(1) provides that
"[a] party may raise by pretrial motion any defense, objection,
or request that the court can determine without a trial on the
merits."  Fed. R. Crim. P. 12(b)(1).  When considering a motion
to dismiss under Rule 12(b), the court must accept the factual
allegations in the indictment as true.  See United States v.
Guerrier, 669 F.3d 1, 4 (1st Cir. 2011); United States v. Bohai
Trading Co., 45 F.3d 577, 578 n.1 (1st Cir. 1995).

**BACKGROUND**

In July 2004, federal authorities served Dos Santos with a Notice to Appear (NTA) ordering him to appear before an immigration judge in Texas on "a date to be set" at "a time to be set."  Doc. no. 24-1.  On August 5, he was served with a notice of hearing which directed him to appear in immigration court on August 13, 2004, at 8:30 a.m.  His hearing was subsequently rescheduled for August 17, 2004, at 8:30 a.m.  He appeared pro se and the judge ordered Dos Santos removed and deported.

In May 2019, Dos Santos was found in Nashua, New Hampshire. In July 2019, he was indicted for reentry after Deportation in violation of 8 U.S.C. § 1326(a).


**DISCUSSION**

Dos Santos moves to dismiss the indictment on the grounds that the NTA was deficient because it did not contain the time and place of the hearing.  He asserts that the lack of this information in the NTA does not comply with the requirements of the Immigration and Naturalization Act; therefore, the immigration court had no jurisdiction to deport Dos Santos in 2004.  He concedes that First Circuit precedent forecloses this argument, see Goncalves Pontes v. Barr, 938 F.3d 1, 6-7 (1st

Cir. 2019), but raises the claim to preserve it for possible future review.

In Goncalves Pontes, the First Circuit held that an immigration court has jurisdiction to deport a defendant even if the NTA does not include the date and time of the contemplated removal hearing. Id. The court recognized that the section of the Immigration and Nationality Act dealing with notice to aliens of removal hearings states that the "time and place" for immigration proceedings should be specified in the NTA, see 8 U.S.C. § 1229(a)(1)(G)(i). Id. at 4-5. However, the court concluded that this statute did not control whether an NTA was sufficient to give immigration court jurisdiction because jurisdictional questions were controlled by a different set of regulations. Id. These regulations, which were lawfully formulated by the Attorney General, do not require that the time and place of the removal hearing be included in the NTA but state:

> . . . the time, place and date of the initial removal
> hearing, [shall be provided in the NTA] where
> practicable. If that information is not contained in
> the Notice to Appear, the Immigration Court shall be
> responsible for scheduling the initial removal hearing
> and providing notice to the government and the alien
> of the time, place, and date of hearing.

8 C.F.R. § 1003.18. The First Circuit noted that there is "some common sense discomfort in adopting the position that a single

document labeled 'Notice to Appear' must comply with a certain set of requirements for some purposes . . . but with a different set of requirements for others." Goncalves Pontes, 938 F.3d at 7. However, the court concluded that its task was not to ask whether the Attorney General had chosen the "wisest or least convoluted course" in implementing the Immigration and Nationality Act but whether he acted within the scope of his authority, which the court concluded he had. Id.

In so holding, the First Circuit joined the clear majority of other circuits which have considered this issue. See Pierre-Paul v. Barr, 930 F.3d 684, 689-90 (5th Cir. 2019); United States v. Cortez, 930 F.3d 350, 363 (4th Cir. 2019), as amended (July 19, 2019); Nkomo v. Att'y Gen., 930 F.3d 129, 133 (3d Cir. 2019); Ali v. Barr, 924 F.3d 983, 986 (8th Cir. 2019); Banegas Gomez v. Barr, 922 F.3d 101, 110 (2d Cir. 2019); Soriano-Mendosa v. Barr, 768 F. App'x 796, 802 (10th Cir. 2019); Karingithi v. Whitaker, 913 F.3d 1158, 1160 (9th Cir. 2019); Hernandez-Perez v. Whitaker, 911 F.3d 305, 314-15 (6th Cir. 2018). But see Ortiz-Santiago v. Barr, 924 F.3d 956, 963 (7th Cir. 2019), reh'g denied (July 18, 2019) (rejecting reasoning followed by First Circuit but agreeing that immigration court had jurisdiction even if NTA did not include date and time information).

Furthermore, a noncitizen facing an illegal reentry order may not challenge the validity of the deportation order without showing that:

> (1)  the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2)  the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3)  the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).  This section was "intended to ensure that minimum due process is followed in the original deportation proceeding while preventing wholesale, time-consuming attack on underlying deportation orders." United States v. Wilson, 316 F.3d 506, 514 n.1 (4th Cir. 2003) (Motz., J., concurring in the judgment (quoting 140 cong. Rec. S.14544 (daily ed. Oct. 6, 1994)), overruled on other grounds by Lopez v. Gonzales, 549 U.S. 47 (2006).

Dos Santos argues that he need not meet these prerequisites because he is contesting his deportation order on jurisdictional grounds not encompassed by the text of § 1326(d).  His jurisdictional argument fails for the reasons given by the First Circuit in Goncalves Pontes, 938 F.3d at 6-7.  Therefore, Dos Santos must fulfill the requirements of 8 U.S.C. § 1326(d) to challenge his previous removal.  He has not done so.

**CONCLUSION**

For the foregoing reasons, Dos Santos's motion to dismiss the indictment (doc. no. 24) is denied.

SO ORDERED.

_____
LandyA McCafferty
United States District Judge

March 25, 2020

cc:  Anna Dronzek, Esq.
     Dorothy E. Graham, Esquire
     U.S. Probation
     U.S. Marshal